IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDELL YOUNGWOLF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-1239-C |
| ) | |
| THE TOWN OF STRATFORD, a ) | |
| Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant The Town of Stratford ("Stratford"), a municipal corporation, employed Plaintiff as a permanent employee for 12 months before terminating his employment on June 12, 2012. The Board of Trustees reviewed Plaintiff's termination four months later. Plaintiff has filed a claim under 42 U.S.C. § 1983 alleging that his termination and post-termination review violated his due process rights as guaranteed by the United States Constitution and the Oklahoma Constitution, the statutes of Oklahoma, and the policies, practices, and ordinances of Stratford. Plaintiff alleges that he had a vested property interest in continued employment stemming from the permanent nature of his employment, the "Pre-discharge Notice and Response Procedure" in Stratford's Employment Policies and Practices manual, and his membership in Stratford's employee retirement system.

Plaintiff further claims that Stratford violated his due process rights when it conducted his post-termination review during an executive session of the Board of Trustees.[1]

Defendant has moved to dismiss Plaintiff's § 1983 claim with prejudice under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff did not have a property interest in continued employment and has not suffered a deprivation of due process. Because Plaintiff was an at-will employee, he lacked a sufficient property interest in his continued employment. Accordingly, Defendant did not violate Plaintiff's due process rights and the Court must GRANT Defendant's Motion to Dismiss.

**I. Constitutional Claims**

The United States Constitution provides that no person shall be deprived of life, liberty or property, without due process of law. U.S. Const. amend. XIV.[2] "Any significant taking of property by the State is within the purview of the Due Process Clause." Fuentes v. Shevin, 407 U.S. 67, 86 (1972). Public employment can create a property interest in continued employment such that due process is required. Bd. of Regents of State Colleges v. Roth, 408 U.S. 564 (1972). To have a sufficient property interest, the expectation of continued employment must be a "legitimate claim of entitlement" not just a "unilateral expectation." Id. at 577. State law creates and defines the relevant property interest. Id.

---

[1]Plaintiff alternatively alleges breach of contract and negligence claims under state law. Defendant's motion did not address those claims and they are not considered here.

[2]Article 2, Section 7 of the Oklahoma Constitution mirrors this language.

A Board of Trustees governs Stratford. (Def.'s Br., Dkt. No. 5 Ex. 2). Under Oklahoma law, towns governed by a board of trustees have all the powers afforded to towns and those powers "shall be exercised as provided by law." 11 Okla. Stat. § 12-101. The statutory standard for when a town board of trustees can terminate an employee is "solely for the good of the service." Id. § 12-114. This standard has been interpreted to mean that employees are at-will employees and no cause needs to be shown for proper termination. Lane v. Town of Dover, Okla., 761 F.Supp. 768, 771(W.D. Okla. 1991). Furthermore, this standard has been held insufficient to create a reasonable expectation in continued employment, and thus insufficient to create a constitutionally- protected property interest. Hall v. O'Keefe, 1980 OK 108, 617 P.2d 196; see also Parker v. Town of Chelsea, 275 F.App'x 769, 771 (10th Cir. 2008) (stating that the district court was correct in concluding that a public employee under 11 Okla. Stat. § 12-114 could not have a protected property interest in employment); Graham v. City of Okla. City, Okla., 859 F.2d 142, 146 (10th Cir. 1988); DeFries v. Town of Washington, Okla., 875 F.Supp. 756, 763 (W.D. Okla. 1995). Given this nature of his employment, Plaintiff only had a unilateral expectation in continued employment. Without a justified expectation in continued employment, Plaintiff had no qualifying property interest that would require a hearing to avoid violating his constitutional due process rights.

**II.  Employment Policies and Practices Manual**

The "Pre-discharge Notice and Response Procedure" language within the Employment Policies and Practices manual for Stratford may have purported to create a heightened standard for termination and procedural requirements such that a vested property right would be created in Mr. Youngwolf; however, the Stratford Board of Trustees did not possess the authority to enact such a policy in contradiction of Oklahoma law.  Although the Oklahoma Supreme Court has held that employee manuals can create a property interest in continued employment, see Hall, 1980 OK 108, ¶ 9, 617 P.2d at 200 (discussing Umholtz v. City of Tulsa, 1977 OK 98, 565 P.2d 15), that rule does not apply here.  In Hall, the Court was analyzing the actions of a city with a Home Rule charter, meaning the City had the ability to modify its own authority without the limitations customarily placed on a town.  Unlike the city in Hall, a town like Stratford cannot limit or expand its authority beyond that of its enabling statute.  See DeFries, 875 F.Supp. at 763 (W.D. Okla. 1995) (stating that 11 Okla. Stat. § 12-114 does not authorize a town board to alter the nature of the town's relationship with employees beyond the "for the good of the service" standard); see also Umholtz, 1977 OK 98, ¶¶ 21-23, 565 P.2d at 22 (holding municipal officials could not implement heightened notice and review standards by issuing procedural guidelines contrary to City Charter).  Because the Stratford Board of Trustees does not possess the legal authority to adopt policies altering the "for the good of the service" standard for employment, Stratford's Employment Policies and Practices manual did not create a heightened standard for termination.

**III. Membership in Oklahoma Municipal Retirement Fund**

Plaintiff's membership in the Oklahoma Municipal Retirement Fund is also insufficient to create an expectation of continued employment. Plaintiff cites City of Durant v. Cicio, 2002 OK 52, 50 P.3d 218, as supporting the proposition that membership in a retirement system creates an expectation of continued employment. However, the retirement system in that case, the Municipal Police Pension and Retirement System ("MPPRS"), was distinguishable. In enacting the MPPRS, the Oklahoma Legislature explicitly provided that "[n]o member may be discharged except for cause." 11 Okla. Stat. § 50-123(B).[3] In Durant, the Oklahoma Supreme Court held that the MPPRS created a property interest because 11 Okla. Stat. § 10-113 could be limited when "otherwise provided by law" and that § 50-123 had properly "otherwise provided." 2002 OK 52, ¶ 17, 50 P.3d at 222. In the present case, § 12-114 does not have an "as otherwise provided by law" exception. The language of Stratford Ordinance 1-7C-1 states that the employee benefit plan was to be adopted "[p]ursuant to the authority conferred by the laws of the state," making it limited by the "for the good of the service" standard of § 12-114. (Def.'s Br., Dkt. No. 5, Ex. 1.) Furthermore, the Defined Benefit Plan disclaimed any intent to alter the nature of at-will employment in §§ 11.1 and 14.1. (Def.'s Br., Ex. 1B.) Plaintiff argues that the disclaimer in § 14.1 is boilerplate and should be severed from the rest of the Defined Benefit Plan. But because Stratford would lack the authority to alter the nature of

---

[3] 11 Okla. Stat. § 10-113 is the analogous statute for City Managers containing the same "for the good of the service" standard for termination as is found in § 12-114.

Plaintiff's employment even absent § 14.1, there is no need to address Plaintiff's severance argument.

Accordingly, Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. No. 5) is GRANTED and Plaintiff's cause of action under 42 U.S.C. § 1983 is hereby DISMISSED. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-based claims and REMANDS this case back to state court. The Clerk of the Court shall take the appropriate steps to return this action to the District Court of Garvin County.

IT IS SO ORDERED this 28th day of February, 2013.

ROBIN J. CAUTHRON
United States District Judge